The following opinion was delivered at special term :
Andrews, J.
It seems to me that all the questions raised in this proceeding have been disposed of adversely to the petitioner by the decision in the Matter of Deering.
The provisions of §1 of chap. 550 of the Laws of 1880, requir *208 ing all assessments for local improvements theretofore completed to be finally passed upon within six months from the passage of." that act, were fully and carefully considered in that matter. The general term of the court of common pleas held that such provision was not mandatory, but merely directory; that an assessment for such improvements might be laid within a reasonable time after the expiration of such six months ; and the application to vacate an assessment laid in 1885 for an improvement completed in 1872 was denied, because it was considered that, in view of certain litigations which were pending, and of other complications, the assessment had not been unreasonably delayed. 3 N. Y. State Rep., 593.
The order of the general term of the common pleas was affirmed! by the court of appeals, but no opinion was delivered in the latter court
It is contended by the counsel of the petitioner that the decision In re Deering does not apply to the case at bar, because in that proceeding the petitioner could have gone before the assessment commissioners, while in this case no such opportunity has been afforded.
There is no evidence before me that if the petitioner in this case had had an opportunity to go before the assessment commissioners she would have obtained any relief. It is stated in the-brief of petitioner’s counsel that she would have had grounds for equitable relief before such commissioners, because the area of assessment was limited to land north of One Hundred and Second street, and that other equally substantial grounds for equitable relief existed. Mo decision can be based upon this statement, because it is not supported by any legal proof before me.
Moreover, the decision In re Deering was not placed upon the ground that the petitioner in that case might have gone before the assessment commissioners, but upon the broad ground that the provisions of said § 1 of chapter 550 of the Laws of 1880-were not mandatory.
It is also claimed by the petitioner’s counsel that the delay in the case at bar in laying the assessment was unreasonable.
I do not think this claim is well founded.
The reasons for delaying the assessment in this case are as good and sufficient as those which existed in the Matter of Deering, where a delay of thirteen years was held to be reasonable.
It is also claimed by petitioner’s counsel that if the entire assessment is not vacated it should be reduced by an amount, equal to the interest which was included.
The interest included in the assessment was calculated only to' August 20, 1880, and the petitioner has not been prejudiced, so far as the interest is concerned, by the delay which has occurred since that day.
Moreover, the statute by its express terms applies to all “assessments hereafter imposed for local improvements,” and it was held. in the Matter of Deering, supra, that the interest was properly included in the assessment, although the improvement in that case; had been completed some years prior to 1880.
James A. Deering, for app’lt; G. D. Sterling, for resp’t
The application must be denied, with costs.
Barrett, J.
The order appealed from should be affirmed upon the authority of In re Deering, 3 N. Y. State Rep., 593; 105 N. Y., 667. There seems to be no substantial distinction between that well-considered case and the present, and we concur in the views entertained at special term upon that head. Mr. Justice Andrews’ opinion is quite satisfactory and needs no amplification.
Order affirmed, with costs.
Van Brunt, P. J., and Bartlett, J., concur.